**UNITED STATES of America,**
**Plaintiff,**

v.

**SEQUOIA UNION HIGH SCHOOL**
**DISTRICT, Defendant.**
**No. 34440.**

United States District Court
N. D. California, S. D.
July 25, 1956.

Lloyd Burke, U. S. Atty., San Francisco, Cal., for plaintiff.

Keith C. Sorenson, County Atty., Redwood City, Cal., for defendant.

EDWARD P. MURPHY, District Judge.

These are cross motions for summary judgment under Fed.R.Civ.Proc. 56, 28 U.S.C., in an action for the reversion of two parcels of property to the United States totaling approximately ten acres. The record shows that on September 9, 1948, the plaintiff conveyed the property in question in a quitclaim deed to defendant, the Sequoia Union High School District. The conveyance granted to the defendant, pursuant to the Surplus Property Act of 1944, as amended, 50 U.S.C.A. Appendix, § 1622, a one hundred per cent public benefit allowance discount from the market price of the property, but contained, among others, the following condition subsequent:

"*One:* That for a period of ten · (10) years from the date of this conveyance said premises shall be continuously used as and for school purposes and for incidental purposes pertaining thereto, but for no other purposes."

For approximately five years, until April, 1953, the defendant made no use whatsoever of the property except to clear weeds therefrom. For those five years, therefore, "from the date" of the conveyance, it is entirely clear that the premises were not "continuously used as and for school purposes * * *" as required by the condition subsequent in the deed.

In April, 1953, the defendant erected, at a cost to it of approximately $2,000, a cyclone fence and a baseball backstop on one corner of the ten-acre tract, and since then has been using a part of the tract for the conduct of athletic games and classes.

On July 27, 1954, plaintiff filed and served on defendant a notice of reverter pursuant to the deed and condition subsequent therein as above quoted.

To avoid a forfeiture, defendant urges a number of propositions. The first is waiver, or estoppel. Aside from any limitations on the estoppel doctrine insofar as the government is a party, and the justice of any such limitations, the requirements of estoppel are not here met. No action by the government is disclosed by the record which would support an estoppel of the government to insist on the condition in the deed. See John v. Elberta Oil Co., 1932, 124 Cal. App. 744, 13 P.2d 538, at page 540.

The defendant further offers to prove that the deed in question should be read to grant defendant a reprieve from the effect of the condition subsequent earlier quoted during the pendency of a parallel application of defendant to the plaintiff for another tract of land. The deed, however, is plain and unambiguous. It would have been an easy matter to make the deed, or the condition subsequent in question, contingent upon favorable action by the plaintiff on defendant's other, allegedly parallel and dependent,

application. It would do too great violence to the parol evidence rule to allow defendant an opportunity to vary the plain words of the deed under the guise of "interpretation".

The defendant argues, last, that since the fall of 1953, at least, defendant has complied with the condition subsequent, and that it would be inequitable to enforce a forfeiture against a party who was no longer in default at the time of foreclosure. This argument, however, is too broad. It would allow any party to a deed to ignore with impunity the express conditions of the deed, provided he could bring himself into compliance with the deed before the date of suit.

The defendant further argues that equity should not enforce a forfeiture here because of the expenditures on the property by the defendant. The cases cited by defendant on this point relate to circumstances in which the parties against whom forfeiture was sought had expended considerable sums in developing the property at the time of the forfeiture action. See, c. g. Wisdom v. Minchen, Tex.Civ.App.1941, 154 S.W.2d 330 (14 wells developed by lessor before forfeiture action); Morgan v. Veach, 1943, 59 Cal.App.2d 682, 139 P.2d 976 (construction of a building in progress for twelve months before action to enforce building line restriction).

In the instant case, the expenditure is less than $2,000 in eight years. Under these circumstances, there is no reason why equity should not enforce this forfeiture. In view of this disposition of the case, it is unnecessary to decide whether the use made by the defendant of the property after April, 1953, constituted use for school purposes. The forfeiture was effected by breach of the condition subsequent in the deed before April, 1953.

Let judgment be entered for the plaintiff.